UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
JESSICA FRANQUI,

               Plaintiff,                         10 CIV 7391 (PKC)

               -against-

MARCUS BOLTON,
TULLETT PREBON AMERICAS CORP.
TULLETT PREBON (AMERICAS) HOLDING INC.,
and TULLETT PREBON PLC.,

               Defendants.
-------------------------------------------------X

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT BOLTON'S PARTIAL MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

       THE COURT SHOULD NOT ENTERTAIN BOLTON'S
       MOTION TO DISMISS FRANQUI'S ELEVENTH CAUSE OF
       ACTION, AS DISMISSAL OF THE SEXUAL BATTERY IS
       NOT APPROPRIATE UNDER RULE 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Blum v. Probate Court*, 575 F.2 50 (2nd Cir. 1978) ................................... 4

*Cal. Motor Transp. Co v. Trucking Unlimited*, 404 U.S. 508 (1972) ...................... 4

*Conley v. Gibson*, 355 U.S. 41 (1957) ............................................. 4

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ........................................... 4

*Wende C. v. United Methodist Church*, 4 NY3d 293, 794 NYS2d 282, 827 NE2d 265 ........ 4

**OTHER AUTHORITIES**

New York Pattern Jury Instructions 3:3 ............................................. 4

## INTRODUCTION

As set forth in her Amended Complaint[1], plaintiff, Franqui ("Franqui") alleges that on January 6, 2010 at her place of employment, defendant, Marcus Bolton ("Bolton"), while acting within the scope of his employment as the Chief Executive Officer of defendant, Tullett Prebon Americas Holding Corp ("TPAH") and defendant, Tullett Prebon Americas Corp., ("TPAC") committed a sexual battery upon her in full view of several male employees. It is alleged that Bolton, while dancing with Franqui, who was the only woman in the room, grabbed her and without warning or consent spun and dipped her backwards into a vulnerable position. He then held her close to his face and body against her will. During Franqui's struggle to free herself from Bolton's grasp, he released her from his grip and she dropped to the floor on her back. While Franqui lay prostrate on the ground beneath him, defendant, Bolton, with malicious intent, stepped directly and heavily onto plaintiff's right breast with force enough to cause significant pain and shortness of breath. While continuing to restrain Franqui with his foot, Bolton looked at the other male employees in the room and pumped his fists in the air in a victorious manner. Franqui then told Bolton that he was hurting her breasts and he finally stepped off her body. Franqui arose to her feet without Bolton's aid. When she complained to him about his vile act, he stated words to the effect of "[o]h, come on now, it's alright, they are big and you probably didn't even feel it [his foot]." It is alleged that Bolton was intoxicated at the time of the incident.

Franqui instituted suit against all defendants alleging violations of the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"), as well as New York common law causes of action for sexual battery, negligent retention and intentional infliction of emotional distress ("IIED"). The procedural history of the matter is essentially outlined in paragraph "C" of defendants' statement of facts. Jonathan Stoler, Esq. of

---

[1] Plaintiff's Amended Complaint dated October 22, 2010 is annexed hereto as Exhibit "A."

the law firm of Sheppard Mullin, on behalf of defendants, Bolton, TPAH and TPAC, brought on a Partial Motion to Dismiss in Lieu of an Answer.  Pursuant to the directive of this Court dated October 8, 2010, Franqui served and filed the Amended Complaint on October 22, 2010.  On October 27, 2010,  Mr. Stoler, in his capacity as attorney for all three defendants, authored a letter to the Court requesting a pre-motion conference to discuss Bolton's motion to dismiss the claim of IIED against him set forth in the Amended Complaint.  In response to the October 27, 2010 letter, on October 29, 2010 the Court issued an order deeming the original motion to dismiss the Complaint to be withdrawn in light of the filing of the Amended Complaint and ordering defendants to file their partial motion to dismiss the Amended Complaint by November 16, 2010.  In addition, the Court directed that all answers to the Amended Complaint be filed by November 16, 2010 as well.  On November 16, Lori Marks-Esterman, Esq. of Olshan Grundman Frome Rosenzweig & Wolosky, LLP was substituted as counsel for defendant Bolton in place of Jonathan Stoler, Esq, of Sheppard Mullin.  On that date, said defendants served and filed their joint Answer to the Amended Complaint.  Ms. Marks-Esterman also filed her Partial Motion to Dismiss the Amended Complaint.

It is interesting to note that despite Mr. Stoler's October 27, 2010 letter to Court seeking permission to serve the Partial Motion to Dismiss only the Tenth Cause of Action against Bolton for IIED, a reading of Ms. Esterman-Marks Notice of Motion seeks an order dismissing not only the IIED cause of action against Bolton (Tenth Cause of Action)  but also the Eleventh Cause of Action for sexual battery against Bolton.  This intention was not raised by Mr. Stoler in his pre-motion letter to the Court .

Moreover, Ms. Marks-Esterman disingenuously seeks to lump both the IIED claim and the sexual battery claim into one claim for dismissal. See, Marks-Esterman Memorandum of Law in Support of Motion to Dismiss, page one, second paragraph (together, the IIED Claims).  Clearly, these are two separate and distinct causes of action.  Ms. Marks-Esterman only cites case law related to dismissal of the IIED claim in her argument for dismissal.

2

Such underhanded and deceitful tactics – in violation of this Court's October 29, 2010 directive – should not be countenanced by this Court and are arguably sanctionable.

Not withstanding the above, Franqui will agree to withdraw the IIED (Tenth) cause of action only against Bolton at this time.

3

## ARGUMENT

### THE COURT SHOULD NOT ENTERTAIN BOLTON'S MOTION TO DISMISS FRANQUI'S ELEVENTH CAUSE OF ACTION, AS DISMISSAL OF THE SEXUAL BATTERY IS NOT APPROPRIATE UNDER RULE 12(b)(6)

In determining whether to grant a motion to dismiss for failure to state a claim for which relief can be granted, the Court must construe the facts pleaded in a light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974) and take all allegations made to be true. Cal. Motor Transp. Co v. Trucking Unlimited, 404 U.S. 508 (1972). The Court will not dismiss unless it is absolutely clear that the pleader cannot prove any facts in support of the claim entitling that person to relief. Conley v. Gibson, 355 U.S.41 (1957) or that there is an affirmative defense that would defeat any recovery. Blum v. Probate Court, 575 F.2 50 (2nd Cir. 1978)

As cited in defendants' memorandum of law, to survive a motion to dismiss under Rule 12(b)(6), a complaint must only plead enough facts to state a claim for relief that is plausible on its face. In order to make out a *prima facie* case of battery in the State of New York, a plaintiff must establish that there was a bodily contact, that the contact was harmful or offensive, and that the defendant intended to make the contact without the plaintiff's consent. see, Wende C. v. United Methodist Church, 4 NY3d 293, 794 NYS2d 282, 827 NE2d 265 (citing New York Pattern Jury Instructions 3:3). Franqui's Amended Complaint alleges a bodily contact that was offensive, to wit: Bolton stepping hard on her right breast with his foot. It also alleges that this was an intentional act on the part of Bolton without consent of Franqui, to wit: while Franqui, lay prostrate on the ground beneath him, Bolton, with malicious intent, stepped directly and heavily onto plaintiff's right breast with force enough to cause significant pain and shortness of breath. Clearly, Franqui has plead facts sufficient to make out a case of battery against Bolton under the law. Accordingly, Bolton's motion seeking dismissal of the Eleventh cause of action must be denied substantively as well as procedurally. A jury could conceivably find that

Bolton's acts do not rise to the level of a creating a "hostile work environment" under the NYSHRL or NYCHRL yet also find that his acts constituted a battery under New York law. Thus Franqui is allowed to plead alternative legal causes of action pursuant to FRCP Rule 8(d)(2).

CONCLUSION

For the foregoing reasons, plaintiff respectfully requests this Court deny

Defendant, Bolton's partial motion insofar as it seeks to dismiss the Eleventh Cause of Action set

forth in the Amended Complaint, and provide such other and further relief as the Court deems

just and proper.

Dated: New York, NY
       December 7, 2010

Respectfully submitted,

WEISS & ROSENBLOOM, P.C.

By: Barry D. Weiss, Esq. (BW-3212)
Attorneys for Plaintiff
27 Union Square West
Suite 307
New York, NY 10003
ph:   (212) 366-6100
fax:  (212) 366-6254
email: weissrosenbloom@aol.com

TO:
Sheppard Mullin Richter & Hampton LLP
Attorneys for Defendants
Tullett Prebon Americas Corp
and Tullett Prebon Holdings Inc.
30 Rockefeller Plaza
24th floor
New York, NY 10112-2201

Lori Marks Esterman, Esq.
Olshan Grundman Frome Rosenzweig & Wolosky LLP
Attorneys for Defendant Marcus Bolton
65 East 55th Street
New York, NY 10022

**Exhibit A**

Barry D. Weiss (BW-3212)
WEISS & ROSENBLOOM, P.C.
Attorneys for Plaintiff
27 Union Square West, Suite 307
New York, NY 10003
Ph: (212) 366-6100
Fax: (212) 366-6254

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JESSICA FRANQUI,

Plaintiff,

-against-

MARCUS BOLTON,
TULLETT PREBON AMERICAS CORP.
TULLETT PREBON (AMERICAS) HOLDINGS INC.,
and TULLETT PREBON PLC,

Defendants.
-------------------------------------------------------------------X

**VERIFIED AMENDED
COMPLAINT**

Civil Action No:
10-CV-7391 (PKC)

Plaintiff requests trial by jury

Plaintiff, Jessica Franqui ("Franqui"), by and through her attorneys, Weiss & Rosenbloom, P.C., complaining of defendants, alleges as follows:

1. On August 5, 2010, plaintiff, Franqui, filed a Complaint with the Supreme Court of the State of New York, County of New York, under index number 110367/10. The Summons and Complaint were served on defendants, Tullett Prebon Americas Corp ("TPAC") and Tullett Prebon (Americas) Holdings, Inc ("TPAH") on August 26, 2010, and were served on defendant, Marcus Bolton ("Bolton"), on September 15, 2010. Service has not yet been effectuated on defendant, Tullett Prebon PLC ("TP PLC"). On September 27, 2010, defendants collectively filed a Notice of Removal of Action to this Court pursuant to 28 U.S.C. Section 1332.

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANT, TPAC FOR VIOLATIONS OF
THE NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL")**

2. At all times relevant hereto, plaintiff, Franqui resided in the County of Richmond, City and State of New York.

1

3.      At all times relevant hereto, defendant, Bolton resided in the County of New York, City and State of New York.

4.      At all times relevant hereto, defendant, TPAC was and is a corporation organized and existing under the laws of a state in the United States.

5.      At all times relevant hereto, defendant, TPAC, was and is authorized to do business in the State of New York.

6.      At all times relevant hereto, defendant, TPAC, maintained a place of business at 80 Pine Street, County of New York, City and State of New York.

7.      At all times relevant hereto, plaintiff, Franqui, was employed by defendant, TPAC, as a Details Clerk at 80 Pine Street, New York, New York.

8.      At all times relevant hereto, plaintiff, Franqui, was and is a "person" within the meaning of Section 292(1) of the NYSHRL.

9.      At all times relevant hereto, defendant, TPAC, was and is an "employer" within the meaning of the relevant sections of the NYSHRL.

10.     At all times relevant hereto, defendant, Bolton, held the title of Chief Executive Officer of defendant, TPAC.

11.     At all times relevant hereto, defendant, Bolton, was the highest ranking executive of defendant, TPAC.

12.     At all times relevant hereto, defendant, Bolton was and is an "employer" within the meaning of the relevant sections of the NYSHRL.

13.     Plaintiff, Franqui, is female and is protected by the prohibitions of the NYSHRL against harassment of a sexual nature by any of her superiors at defendant, TPAC.

14.     Unless otherwise stated, at all times relevant hereto, all acts alleged herein occurred at the office of the defendant, TPAC, at its FX options trading desk located at 80 Pine Street, New York, New York on January 6, 2010 shortly after 5:00 p.m.

2

15.     At the aforementioned time and place, defendant, Bolton, while acting within the scope of his employment as Chief Executive Officer of defendant, TPAC, and in front of several male employees, grabbed plaintiff, Franqui, the only female on the trading floor at the time, began to dance with her.  Defendant, Bolton, without warning and without consent of plaintiff, Franqui, spun and dipped her backwards into a vulnerable position, and held her close to his face and body against her will.  During plaintiff, Franqui's struggle to free herself from defendant, Bolton's grasp, he released her from his grip and she dropped to the floor on her back.  While plaintiff, Franqui, lay prostrate on the ground beneath him, defendant, Bolton, with malicious intent, stepped directly and heavily onto plaintiff's right breast with force enough to cause significant pain and shortness of breath.  While continuing to restrain plaintiff, Franqui, with his foot, defendant, Bolton, looked at the other male employees in the room and pumped his fists in the air in a victorious manner. Plaintiff, Franqui, emphatically told defendant, Bolton, that he was stepping on her chest and hurting her and he finally stepped off of her body.  Plaintiff, Franqui, arose to her feet without defendant, Bolton's aid and incredulously stated to defendant, Bolton, words to the effect of "I can't believe you were standing on my chest." In a dismissive tone, defendant, Bolton, replied words to the effect of "Oh, come on now, it's alright, they are big and you probably didn't even feel it [his foot]." Defendant, Bolton, then left the floor with several other male employees.  Upon information and belief, defendant, Bolton, was intoxicated at the aforementioned time.

16.     The totality of the aforementioned conduct has caused plaintiff, Franqui's place of employment to become permeated with discriminatory sexual harassment and intimidation so severe and pervasive so as to alter the terms and conditions of her employment with defendant, TPAC by creating a hostile work environment under the laws of the State of New York.

17.     Not only did plaintiff, Franqui, perceive the aforementioned conduct to be sexually motivated, hostile, humiliating towards woman in general, and discriminatory in nature, but a reasonable person would have perceived it as such as well.

18.     The above described conduct violated NYSHRL Section 290 et seq.

3

19.     As the highest ranking executive of defendant, TPAC, defendant, Bolton, is so elevated within the corporate hierarchy of the defendant to be viewed as a corporate proxy, thus imputing vicarious liability to defendant, TPAC.

20.     As a direct result of the foregoing acts of defendant, Bolton, while acting within the scope of his employment as Chief Executive Officer of defendant, TPAC, plaintiff, Franqui, has suffered physical pain as well as great humiliation and emotional distress, anxiety and severe depression; loss of earnings and future earning capacity; and damage to her reputation and good name.

21.     By reason of the foregoing, plaintiff, Franqui has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANT, TPAC , FOR VIOLATIONS OF
### THE NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL")

22.     Plaintiff, Franqui, repeats and realleges each and every allegation set forth in paragraphs 1 through 21 above as if fully set forth herein.

23.     A copy of this complaint has been served on the Commissioner of Human Rights of the City of New York pursuant to local law.

24.     At all times relevant hereto, plaintiff, Franqui, was and is a "person" within the meaning of Section 8-102(1) of the NYCHRL.

25.     At all times relevant hereto, defendant, Bolton was and is an "employer" within the meaning of the relevant sections of the NYCHRL.

26.     Plaintiff, Franqui, is female and is protected by the prohibitions of the NYCHRL against harassment of a sexual nature by any of her superiors at defendant, TPAC.

27.     The totality of the aforementioned conduct has caused plaintiff, Franqui's place of employment to become permeated with discriminatory sexual harassment and intimidation so severe and pervasive so as to alter the terms and conditions of her employment with defendant, TPAC by creating a hostile work environment under the laws of the City of New York.

28.     Not only did plaintiff, Franqui, perceive the aforementioned conduct to be sexually motivated, hostile, humiliating towards woman in general, and discriminatory in nature, but a reasonable person would have perceived it as such as well.

29.     The above described conduct violated NYCHRL, Sections 8-101 et seq.

30.     As the highest ranking executive of defendant, TPAC, defendant, Bolton, is so elevated within the corporate hierarchy of the defendant to be viewed as a corporate proxy, thus imputing vicarious liability to defendant, TPAC.

31.     As a direct result of the foregoing acts of defendant, Bolton, while acting within the scope of his employment as Chief Executive Officer of defendant, TPAC, plaintiff, Franqui, has suffered physical pain as well as great humiliation and emotional distress, anxiety and severe depression; loss of earnings and future earning capacity; and damage to her reputation and good name.

32.     By reason of the foregoing, plaintiff, Franqui has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

**AS AND FOR A THIRD CAUSE OF ACTION**
**AGAINST DEFENDANT, TPAH**
**FOR VIOLATIONS OF THE NYSHRL**

33.     Plaintiff, Franqui, repeats and realleges each and every allegation set forth in paragraphs 1 through 32 above as if fully set forth herein.

34.     Defendant, TPAH, was and is a corporation organized and existing under the laws of a state in the United States.

35.     At all times relevant hereto, defendant, TPAH, was and is authorized to do business in the State of New York.

36.     At all times relevant hereto, defendant, TPAH, maintained a place of business at 80 Pine Street, County of New York, City and State of New York.

37.     At all times relevant hereto, plaintiff, Franqui, was employed by defendant, TPAH as a Details Clerk at 80 Pine Street, New York, New York.

38.     At all times relevant hereto, defendant, TPAH, was and is an "employer" within the meaning of the relevant sections of the NYSHRL.

39.     At all times relevant hereto, defendant, Bolton, held the title of Chief Executive Officer of defendant, TPAH.

40.     At all times relevant hereto, defendant, Bolton, was the highest ranking executive of defendant, TPAH.

41.     Plaintiff, Franqui, is female and is protected by the prohibitions of the NYSHRL against harassment of a sexual nature by any of her superiors at defendant, TPAH.

42.     Unless otherwise stated, at all times relevant hereto, all acts alleged herein occurred at the office of the defendant, TPAH, at its FX options trading desk located at 80 Pine Street, New York, New York on January 6, 2010 shortly after 5:00 p.m.

43.     At the aforementioned time and place, defendant, Bolton, while acting within the scope of his employment as Chief Executive Officer of defendant, TPAH, and in front of several male employees, grabbed plaintiff, Franqui, the only female on the trading floor at the time, began to dance with her. Defendant, Bolton, without warning and without consent of plaintiff, Franqui, spun and dipped her backwards into a vulnerable position, and held her close to his face and body against her will. During plaintiff, Franqui's struggle to free herself from defendant, Bolton's grasp, he released her from his grip and she dropped to the floor on her back. While plaintiff, Franqui lay prostrate on the ground beneath him, defendant, Bolton, with malicious intent, stepped directly and heavily onto plaintiff's right breast with force enough to cause significant pain and shortness of breath. While continuing to restrain plaintiff, Franqui, with his foot, defendant, Bolton, looked at the other male employees in the room and pumped his fists in the air in a victorious manner. Plaintiff, Franqui emphatically told defendant, Bolton, that he was stepping on her chest and hurting her and he finally stepped off of her body. Plaintiff, Franqui, arose to her feet without defendant, Bolton's aid and incredulously stated to defendant, Bolton, words to the effect of "I can't believe you were standing on my chest." In a dismissive tone, defendant, Bolton, replied words to the effect of

"Oh, come on now, it's alright, they are big and you probably didn't even feel it [his foot]." Defendant, Bolton, then left the floor with several other male employees.  Upon information and belief, defendant, Bolton, was intoxicated at the aforementioned time.

44.     The totality of the aforementioned conduct has caused plaintiff, Franqui's place of employment to become permeated with discriminatory sexual harassment and intimidation so severe and pervasive so as to alter the terms and conditions of her employment with defendant, TPAH by creating a hostile work environment under the laws of the State of New York.

45.     Not only did plaintiff, Franqui, perceive the aforementioned conduct to be sexually motivated, hostile, humiliating towards woman in general, and discriminatory in nature, but a reasonable person would have perceived it as such as well.

46.     The above described conduct violated NYSHRL Section 290 et seq.

47.     As the highest ranking executive of defendant, TPAH., defendant, Bolton, is so elevated within the corporate hierarchy of the defendant to be viewed as a corporate proxy, thus imputing vicarious liability to defendant, TPAH.

48.     As a direct result of the foregoing acts of defendant, Bolton, while acting within the scope of his employment as Chief Executive Officer of defendant, TPAH, plaintiff, Franqui, has suffered physical pain as well as great humiliation and emotional distress, anxiety and severe depression; loss of earnings and future earning capacity; and damage to her reputation and good name.

49.     By reason of the foregoing, plaintiff, Franqui, has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST DEFENDANT, TPAH
### FOR VIOLATION OF THE NYCHRL

50.     Plaintiff, Franqui, repeats and realleges each and every allegation set forth in paragraphs 1 through 49 above as if fully set forth herein.

51.     At all times relevant hereto, defendant, Bolton was and is an "employer" within the meaning of the relevant sections of the NYCHRL.

52.     Plaintiff, Franqui, is female and is protected by the prohibitions of the NYCHRL against harassment of a sexual nature by any of her superiors at defendant, TPAH.

53.     The totality of the aforementioned conduct has caused plaintiff, Franqui's place of employment to become permeated with discriminatory sexual harassment and intimidation so severe and pervasive so as to alter the terms and conditions of her employment with defendant, TPAH by creating a hostile work environment under the laws of the City of New York.

54.     Not only did plaintiff, Franqui, perceive the aforementioned conduct to be sexually motivated, hostile, humiliating towards woman in general, and discriminatory in nature, but a reasonable person would have perceived it as such as well.

55.     The above described conduct violated NYCHRL, Sections 8-101 et seq.

56.     As the highest ranking executive of defendant, TPAH., defendant, Bolton, is so elevated within the corporate hierarchy of the defendant to be viewed as a corporate proxy, thus imputing vicarious liability to defendant, TPAH.

57.     As a direct result of the foregoing acts of defendant, Bolton, while acting within the scope of his employment as Chief Executive Officer of defendant, TPAH, plaintiff, Franqui, has suffered physical pain as well as great humiliation and emotional distress, anxiety and severe depression; loss of earnings and future earning capacity; and damage to her reputation and good name.

58.     By reason of the foregoing, plaintiff, Franqui has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
## DEFENDANT, TP PLC

59.     Plaintiff, Franqui, repeats and realleges each and every allegation set forth in paragraphs 1 through 58 above as if fully set forth herein.

8

60.     At all times relevant hereto defendant, TP PLC, is a company organized and existing under the laws of the United Kingdom with its principal place of business located at 155 Bishopsgate, London, England.

61.     At all times relevant hereto, defendant, TPAC, was and is a wholly owned subsidiary of defendant, TP, PLC.

62.     Upon information and belief, defendant, TP PLC, exercised complete dominion and control over the daily operations of defendant, TPAC.

63.     Defendant, TP, PLC, as the parent company of defendant, TPAC, is vicariously liable for any judgment rendered against defendant, TPAC.

64.     By reason of the foregoing, plaintiff, Franqui has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST DEFENDANT, TP PLC

65.     Plaintiff, Franqui, repeats and realleges each and every allegation set forth in paragraphs 1 through 64 above as if fully set forth herein.

66.     At all times relevant hereto, defendant, TPAH, was and is a wholly owned subsidiary of defendant, TP, PLC.

67.     Upon information and belief, defendant, TP PLC, exercised complete dominion and control over defendant, TPAH.

68.     Defendant, TP PLC, as the parent company of defendant, TPAH, is vicariously liable for any judgment rendered against defendant, TPAH.

69.     By reason of the foregoing, plaintiff, Franqui has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## AGAINST DEFENDANT TP PLC

70.     Plaintiff, Franqui, repeats and realleges each and every allegation set forth in paragraphs 1 through 69 above as if fully set forth herein.

71.     Upon information and belief, from 2004 to March 2009, defendant, TP PLC had employed defendant, Bolton in their London, England offices.

72.     In or about March, 2009, defendant TP PLC appointed defendant, Bolton, to serve as Chief Executive Officer of defendant, TPAC and defendant, TPAH in North America.

73.     As of March, 2009, defendant, Bolton was an employee of defendant, TPAC.

74.     As of March, 2009, defendant, Bolton was an employee of defendant, TPAH.

75.     Upon information and belief, on previous occasions prior to March 2009, the dates and times of which are not currently known to plaintiff, defendant, Bolton, exhibited propensities to harass, sexually assault and/or assault others; and/or engage in inappropriate behavior violative of the NYSHRL and/or the NYCHRL

76.     Upon information and belief, the aforesaid propensities were well known to defendant, TP PLC.

77.     Upon ascertaining the aforesaid propensities of defendant, Bolton, defendant, TP PLC, still appointed defendant, Bolton, to a position and place of power, allowing him to function as the Chief Executive Officer of TPAC and TPAH in North America when in point and in fact, he was not suited to do so due to the aforesaid propensities.

78.     As a direct result of the foregoing acts of defendant, Bolton, while acting within the scope of his employment as Chief Executive Officer of TPAC and TPAH in North America, plaintiff, Franqui, has suffered physical pain as well as great humiliation and emotional distress; anxiety and severe depression; loss of earnings and future earning capacity; and damage to her reputation and good name.

79.     By reason of the foregoing, plaintiff, Franqui, has been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## AGAINST DEFENDANT, BOLTON

80.     Plaintiff, Franqui, repeats and realleges each and every allegation set forth in paragraphs 1 through 79 above as if fully set forth herein.

81.     Defendant, Bolton's conduct as alleged herein violated NYSHRL Section 290 et seq.

82.     By reason of the foregoing, plaintiff, Franqui, was damaged in an amount exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A NINTH CAUSE OF ACTION
## AGAINST DEFENDANT, BOLTON

83.     Plaintiff, Franqui, repeats and realleges each and every allegation set forth in paragraphs 1 through 82 above as if fully set forth herein.

84.     Defendant, Bolton's conduct as alleged herein violated NYCHRL, Sections 8-101 et seq.

85.     By reason of the foregoing, plaintiff, Franqui, was damaged in an amount exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A TENTH CAUSE OF ACTION
## AGAINST DEFENDANT, BOLTON

86.     Plaintiff, Franqui, repeats and realleges each and every allegation set forth in paragraphs 1 through 85 above as if fully set forth herein.

87.     The conduct of defendant, Bolton, as aforesaid, was intentional and/or reckless, and was so extreme and outrageous in character and degree that it went beyond all possible bounds of decency and therefore constituted an intentional infliction of emotional distress upon plaintiff, Franqui.

88.     As a direct result of the foregoing acts of defendant, Bolton, plaintiff, Franqui, has suffered great humiliation and emotional distress; anxiety and severe depression; loss of earnings and future earning capacity; and damage to her reputation and good name.

11

89.     This action falls within one or more of the exceptions as set forth in CPLR §1602.

90.     By reason of the foregoing, plaintiff, Franqui, was damaged in an amount exceeding the jurisdictional limits of all lower courts.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## AGAINST DEFENDANT, BOLTON

91.     Plaintiff, Franqui, repeats and realleges each and every allegation set forth in paragraphs 1 through 90 above as if fully set forth herein.

92.     Plaintiff, Franqui, perceived the aforementioned bodily contact without her consent to be sexually motivated, hostile, offensive and humiliating towards woman in general, and a reasonable person would have perceived it as such as well.

93.     The above described intentional, wrongful and offensive bodily contact of plaintiff, Franqui, without her consent by defendant, Bolton, constitutes sexual battery.

94.     Nothing on the part of plaintiff, Franqui, contributed to the occurrence alleged herein in any manner whatsoever.

95.     As a direct result of the foregoing acts of defendant, Bolton, plaintiff, Franqui, has suffered physical pain as well as great humiliation and emotional distress; anxiety and severe depression; loss of earnings and future earning capacity; and damage to her reputation and good name.

96.     This action falls within one or more of the exceptions as set forth in CPLR §1602.

97.     By reason of the foregoing, plaintiff, Franqui, was damaged in an amount exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A TWELFTH CAUSE OF ACTION
## AGAINST DEFENDANT, BOLTON

98.     Plaintiff, Franqui, repeats and realleges each and every allegation set forth in paragraphs 1 through 97 above as if fully set forth herein.

12

99.     The totality of the conduct of defendant, Bolton, was so vile and shocking that it warrants an award of punitive damages.

100.    By reason of the foregoing, plaintiff, Franqui, was damaged in the amount to be determined at the trial of this matter.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## AGAINST DEFENDANT, TPAC

101.    Plaintiff, Franqui, repeats and realleges each and every allegation set forth in paragraphs 1 through 100 above as if fully set forth herein.

102.    The totality of the conduct of defendant, Bolton, as Chief Executive Officer of defendant, TPAC,, was so vile and shocking that it warrants an award of punitive damages.

103.    By reason of the foregoing, plaintiff, Franqui, was damaged in the amount to be determined at the trial of this matter.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
## AGAINST DEFENDANT, TPAH

104.    Plaintiff, Franqui, repeats and realleges each and every allegation set forth in paragraphs 1 through 103 above as if fully set forth herein.

105.    The totality of the conduct of defendant, Bolton, as Chief Executive Officer of defendant, TPAH, was so vile and shocking that it warrants an award of punitive damages.

106.    By reason of the foregoing, plaintiff, Franqui, was damaged in the amount to be determined at the trial of this matter.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
## AGAINST DEFENDANT, TP PLC

107.    Plaintiff, Franqui, repeats and realleges each and every allegation set forth in paragraphs 1 through 106 above as if fully set forth herein.

108.    The totality of the conduct of defendant, Bolton, as Chief Executive Officer of defendant, TPAC and/or defendant, TPAH, was so vile and shocking that it warrants an award of punitive damages.

13

109.   By reason of the foregoing, plaintiff, Franqui, was damaged in the amount to be determined at the trial of this matter.

WHEREFORE, plaintiff demands judgment against defendants, Marcus Bolton, Tullett Prebon Americas Corp., Tullett Prebon (Americas) Holding Inc., and Tullett Prebon PLC, and each of them, as aforesaid, together with costs, disbursements and attorneys fees.

Dated:       New York, New York
             October 22, 2010

Yours, etc.,

WEISS & ROSENBLOOM, P.C.

By: Barry D. Weiss, Esq.
BW3212
Attorneys for Plaintiff
27 Union Square West
Suite 307
New York, New York 10003
(212) 366-6100
 File No.: 10E008

14