# MEMO ENDORSED

## Law Offices of
## Weiss & Rosenbloom, P.C.
27 Union Square West, Suite 307, New York NY 10003
Tel. (212) 366-6100 • Fax (212) 366-6254

Amy Rose Weiss
Barry D. Weiss

Marilyn N. Cashman
Erik L. Gray
Joanne Porcelli
Andrea Krugman Tessler

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-8-10

December 7, 2010

*Initial Conference from December 13 adjourned to Jan. 24, 2011 at 12:30pm*

SO ORDERED
/s/ PKC
USDJ
12-7-10

BY FAX (212) 805-7949
Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Jessica Franqui v. Marcus Bolton et al
Case no: 10-CV-7391 (PKC)

Dear Judge Castel:

We are the attorneys for plaintiff. We are writing to request an adjournment of the initial pre-trial conference, currently scheduled for December 13, 2010, to January 24, 2011. There have been no previous requests for an adjournment. As we explained to our adversaries when we requested their consent to the adjournment, our firm is unusually busy right now; in addition to year-end projects, we have five trials scheduled between now and mid-January[1] and only three trial lawyers. (Additionally, my partner (and wife) and I have long-standing plans for a family vacation/50th birthday celebration in Mexico over the holiday from December 20 through January 2.) Quite frankly, we do not have adequate time and resources to effectively devote to the Franqui matter until mid-January. Although our adversaries initially indicated they would consent to the adjournment if we provided them with authorizations for plaintiff's medical records, they later unjustifiably conditioned their consent on us exchanging the HIPPA authorizations and entering into a proposed scheduling order, which, frankly, defeats the purpose of the adjournment.

There are still various pleading issues and a motion that have yet to be resolved in this matter. The underlying action is for sexual harassment and assault by defendant, Bolton, and the vicarious liability of his employers Tullett Prebon Americas Corp. ("TPAC") and Tullett Prebon (Americas) Holding Inc. ("TPAH") and their parent company Tullett Prebon PLC ("TP PLC"). Plaintiff commenced an action in Supreme Court, New York County on or about August 6, 2010. After defendants Bolton, TPAC and TPAH were served with the summons and complaint, on or about September 24, 2010 said defendants removed the action to the within court by their counsel, Sheppard, Mullin, Richter & Hampton

---

[1] Nelmary Rodriguez v. Brighton Car Service et al, Supreme Court, Bronx County, index number 14411/06 on December 8, 2010; Joseph Morgan v. Joanna S. Chaleff et ano, Supreme Court, Bronx County, index number 24325/06, on December 10, 2010; Marleny Mosquera v. Paolo Salvo et al, Supreme Court, Kings County, index number 36759/07 select jury on December 21, 2010 and pass to early January 2011; Giancarlo Scala v. MTA Bus Company et al, Supreme Court, Kings County, index numer 24783/07 on January 5, 2011; and Daniel DerMargosian v. Cabrini Medical Center et al, Supreme Court, New York County, index number 400872/09, on January 10, 2011.

Jessica Franqui v. Marcus Bolton et al
Page 2

LLC. Plaintiff amended her complaint on or about October 25, 2010. By letter dated October 27, 2010, Sheppard Mullin sought permission to serve a partial motion to dismiss the Tenth cause of action for intentional infliction of emotional distress against defendant Bolton. By endorsed letter the court deemed that motion withdrawn due to the filing of the amended complaint. On November 15, 2010 defendant Bolton retained the law firm of Olshan Grundman Frome Rosenzweig & Wolosky LLP to represent him. On November 16, 2010 defendants Bolton, TPAC and TPAH served a joint answer to courts One, Two, Three, Four, Eight, Nine, Twelve, Thirteen and Fourteen of the amended complaint. Defendant, Bolton, also brought on a motion to dismiss counts Ten and Eleven of the amended complaint, which is currently pending.[2] Additionally, defendant TP PLC has not yet appeared or answered.[3]

An adjournment of the initial pre-trial conference will not prejudice any of the defendants, but will allow plaintiff adequate time to formulate and exchange meaningful discovery and prepare for the initial conference.

Respectfully submitted,

Barry D. Weiss
BW:3212

BDW:bun

cc:  Jonathan Stoler, Esq.
Sheppard Mullin Richter & Hampton LLP
Attorneys for Defendants Tullett Prebon Americas Corp
and Tullett Prebon Holdings Inc.
by email and overnight mail

Lori Marks Esterman, Esq.
Olshan Grundman Frome Rosenzweig & Wolosky LLP
Attorneys for Defendant Marcus Bolton
by email and overnight mail

---

[2] It is noteworthy that although Bolton's prior counsel, Sheppard Mullin, sought permission to serve a partial motion to dismiss only the Tenth cause of action, Olshan Grundman's current motion seeks to dismiss the Eleventh cause of action for sexual battery, as well as the Tenth cause of action, permission for which was not sought from or granted by the court.

[3] TP PLC was served with the Supreme Court, New York County summons and complaint on November 18, 2010 at its General Counsel's office in London. In response to our request, Jonathan Stoler, Esq. of Sheppard Mullin agreed to accept service of the amended (federal court) complaint on behalf of TP PLC provided only that we agree to extend TP PLC's time to answer or otherwise appear to January, 2011. On November 24, 2010 we sent a stipulation to that effect to Mr. Stoler. By email on December 3, 2010 Mr. Stoler advised that he had not signed the stipulation because he had not received our response to his November 23, 2010 letter seeking discovery and other matters unrelated to service of process. To date we have not received either a signed stipulation or an answer on behalf of TP PLC.