UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA FRANQUI,<br><br>                                    Plaintiff,<br><br>              v.<br><br>MARCUS BOLTON, TULLETT PREBON AMERICAS CORP., TULLETT PREBON (AMERICAS) HOLDING INC. and TULLETT PREBON PLC,<br><br>                                 Defendants. | Case No. 10-cv-7391 (PKC)(HBP)<br><br>**DEFENDANT MARCUS BOLTON'S ANSWER TO COUNT ELEVEN OF THE AMENDED COMPLAINT** |

Defendant Marcus Bolton ("Bolton"), by and through his undersigned counsel, Olshan Grundman Frome Rosenzweig & Wolosky, LLP, hereby answers Count Eleven of the Amended Complaint as follows[1]:

### AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAINST DEFENDANT BOLTON

1. Defendant Bolton incorporates the responses made in response to Paragraphs 1 to 90 of the Amended Complaint as if fully set forth herein.

2. Defendant Bolton denies information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Amended Complaint, except denies that portion of Paragraph 92 that alleges how a reasonable person would perceive the alleged conduct.

---

[1] Defendant Bolton previously answered Counts Eight, Nine, and Twelve of the Amended Complaint; by Stipulation and Order dated December 16, 2010, Count Ten was dismissed with prejudice and defendant Bolton withdrew his partial motion to dismiss Count Eleven.

3. Defendant Bolton denies each and every allegation set forth in Paragraph 93 of the Amended Complaint.

4. Defendant Bolton denies each and every allegation set forth in Paragraph 94 of the Amended Complaint.

5. Defendant Bolton denies each and every allegation set forth in Paragraph 95 of the Amended Complaint.

6. Defendant Bolton avers that the allegations set forth in Paragraph 96 of the Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 96 of the Amended Complaint contains factual allegations, defendant Bolton denies each and every allegation.

7. Defendant Bolton avers that the allegations set forth in Paragraph 97 of the Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that Paragraph 97 of the Amended Complaint contains factual allegations, defendant Bolton denies each and every allegation.

**AS AND FOR THE AFFIRMATIVE DEFENSES
OF DEFENDANT BOLTON**

**FIRST AFFIRMATIVE DEFENSE**

8. The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

9. The claims are barred, in whole or in part, by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

10. The claims are barred, in whole or in part, by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

11. The claims are barred, in whole or in part, by the equitable doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

12. The claims are barred, in whole or in part, by the equitable doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

13. The claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

14. The claims are barred, in whole or in part, because at no time did Defendant Bolton act in a willful, wanton, reckless and/or malicious manner.

### EIGHT AFFIRMATIVE DEFENSE

15. Defendant did not sexually harass Plaintiff in violation of the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.* and/or the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 *et seq.*

### NINTH AFFIRMATIVE DEFENSE

16. The claims are barred, in whole or in part, because Plaintiff has failed to mitigate her damages.

### TENTH AFFIRMATIVE DEFENSE

17. The claims are barred, in whole or in part, because Plaintiff has failed to exhaust her administrative remedies and to comply with the jurisdictional prerequisites of the relevant statutes.

## ELEVENTH AFFIRMATIVE DEFENSE

18.     The claims are barred, in whole or in part, by the exclusive remedy provisions of the Workers' Compensation Law.

WHEREFORE, Defendant Bolton seeks judgment against Plaintiff:

(a) Denying all relief sought by Plaintiff and dismissing Plaintiff's Complaint as against Defendants in its entirety, with prejudice;

(b) Awarding Defendants their costs and disbursements associated with this action, including reasonable attorneys' fees, to the maximum extent allowed by law; and

(c) Awarding Defendants such other and further relief as this Court deems just and proper.

Dated: New York, New York
       January 5, 2011

Respectfully submitted,

**OLSHAN GRUNDMAN FROME ROSENZWEIG & WOLOSKY LLP**

By: _/s/ Lori Marks-Esterman_
Lori Marks-Esterman (LME-2841)
Aliza F. Herzberg (AH-1120)

Park Avenue Tower
65 East 55th Street,
New York, New York  10022
Telephone: (212) 451-2300
Facsimile:  (212) 451-2222
lmarksesterman@olshanlaw.com
aherzberg@olshanlaw.com

*Attorneys for Defendant Marcus Bolton*