```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-24-11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

JESSICA FRANQUI,

               Plaintiff,

               v.

MARCUS BOLTON, TULLETT PREBON
AMERICAS CORP., TULLETT PREBON
(AMERICAS) HOLDINGS INC. and TULLETT
PREBON PLC,

               Defendants.

------------------------------------------------------------- x

Index No. 10-cv-7391 (PKC)(HBP)

CIVIL CASE MANAGEMENT
PLAN AND SCHEDULING
ORDER

      This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3), Fed. R. Civ. P.

1.     All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2.     This case is to be tried to a jury.

3.     Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall filed within thirty (30) days from the date of this Order.

4.     Initial disclosures, pursuant to Rule 26(a)(1), Fed. R. Civ. P., shall be completed not later than fourteen (14) days from the date of this Order.

5.     All <u>fact</u> discovery shall be completed ~~either~~:

      a.     Within ~~one~~ hundred twenty (120) days ~~of the date of this Order, and specifically by~~ not later than May 24, ~~2011; or~~

      b.     ~~Within a period not exceeding one hundred eighty days (180) days of the date of this Order, with the Court's approval, if the case presents unique complexities or other exceptional circumstances, and specifically~~ not later than July 25, 2011.

6.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without

-1-

application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

   a. Initial requests for production of documents to be served within thirty (30) days from the date of this Order.

   b. Interrogatories to be served within thirty (30) days from the date of this Order.

   c. Depositions to be completed within one hundred twenty (120) days from the date of this Order.

   d. Requests to Admit to be served no later than seventy-five (75) days from the date of this Order.

7. Pursuant to Local Rule 33.3(c), at the conclusion of other discovery, and at least thirty (30) days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the court has ordered otherwise.

8.  a. All <u>expert</u> discovery shall be completed no later than forty-five (45) days from the close of fact discovery.

    b. No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that: (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

9. All motions and applications shall be governed by the Court's Individual Practices, including premotion conference requirements, except that motions <u>in limine</u> may be made without a premotion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a premotion conference relating thereto is made in writing:

    a. Within fourteen (14) days of the date in paragraph 5, i.e. the close of fact discovery; or

    b. If the parties engage in expert discovery, within fourteen (14) days of the date in paragraph 7(a), i.e. the close of expert discovery.

10. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery, or in the case of expert discovery, within fourteen (14) days of the close of expert discovery.

11. a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

Plaintiff to provide defendants with signed HIPAA waivers authorizing the release of her medical records and information on or before January 31, 2011.

b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: To be decided by the parties at a later date.

c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (e.g., within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery).

d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

12. The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine shall be filed after the close of discovery and before the Final Pretrial Submission Date and the premotion conference requirement is waived for any such motion. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

13. Counsel for the parties have conferred and their present best estimate of the length of trial is five (5) days.

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14. [Other]   *[handwritten: Plaintiff and defendants agree to dismiss all claims ... against defendant TP PLC without prejudice. TP PLC to be filed by ... Feb 2. Response by February 16, Reply by February 28. Discovery stayed as to TP PLC.]*

15. The next Case Management Conference is scheduled for _July 29, 2011_ at _10:30am_.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1(C) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
_1-24-11_

-4-